**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1034
_____

VICTOR ESTUARDO CAMAJA RUIZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency No. A213-408-029)
Immigration Judge: Leo A. Finston
_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 8, 2025

Before: KRAUSE, PHIPPS, and CHUNG, *Circuit Judges*

(Filed December 9, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

In October 2019, the Department of Homeland Security issued Victor Estuardo Camaja Ruiz a Notice to Appear, charging him as removable for being present in the United States without admission or parole.  Camaja Ruiz, through counsel, admitted that he was removable, but applied for asylum and for withholding of removal pursuant to the Immigration and Nationality Act and the Convention Against Torture.  *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. §§ 1208.16-.18.  In a reasoned decision, the Immigration Judge (IJ) denied Camaja Ruiz's asylum and withholding claims and ordered him removed to Guatemala.  The Board of Immigration Appeals (BIA), using its streamlining regulations, 8 C.F.R. § 1003.1(e)(4), affirmed the IJ's decision without opinion.  Camaja Ruiz petitioned for review.

## I.    DISCUSSION[1]

When the BIA issues an "affirmance without opinion," we "review the IJ's opinion and scrutinize its reasoning," *Dia v. Ashcroft*, 353 F.3d 228, 234, 245 (3d Cir. 2003) (en banc), and "[w]e review the facts upon which the BIA's decision rests to ensure that they are supported by substantial evidence from the record considered as a whole," *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010).  We review legal conclusions de novo.  *See Tipan Lopez v. Att'y Gen.*, 142 F.4th 162, 170 (3d Cir. 2025).

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15.  This Court has jurisdiction to review the BIA's decision under 8 U.S.C. § 1252.  Camaja Ruiz timely petitioned for review.

On appeal, Camaja Ruiz argues that the IJ (1) erred in concluding that his asylum application was untimely, (2) erroneously denied his application for withholding of removal, and (3) violated his due process rights in affirming the IJ's ruling without opinion.[2]  We disagree on all fronts.

### A.    We Lack Jurisdiction to Review the IJ's Timeliness Determination.

Camaja Ruiz's application for asylum is governed by 8 U.S.C. § 1158, which limits the time for seeking asylum.  Camaja Ruiz acknowledges that he did not file his application for asylum within the one year contemplated by § 1158(a)(2)(B) and relies instead on § 1158(a)(2)(D), which provides that "[a]n application for asylum of an alien may be considered," even if untimely, "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances . . . or extraordinary circumstances relating to the delay in filing an application."

Camaja Ruiz argues that exceptional circumstances, including mental illness, justify his late filing, but the existence of exceptional circumstances under § 1158(a)(2)(D) is a discretionary determination.  *See Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006); *Real v. Att'y Gen.*, 147 F.4th 361, 367-68 (3d Cir. 2025).  And while we may still review "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), we lack jurisdiction to review "factual or discretionary challenges," *Sukwanputra*, 434 F.3d at 634, because § 1158(a)(3) strips

---

[2] Camaja Ruiz abandoned his Convention Against Torture claim in this petition for review.

courts of "jurisdiction to review any determination of the Attorney General under paragraph [(a)](2)."

**B.      The IJ's Denial of Withholding is Supported by Substantial Evidence.**

An applicant is entitled to withholding of removal "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An applicant may satisfy this requirement by proving past persecution, creating a rebuttable presumption of future persecution, 8 C.F.R. § 1208.16(b)(1)(i), or that "it is more likely than not" that he would suffer future persecution in the proposed country of removal, *id.* § 1208.16(b)(2). If he has not shown past persecution, he must also establish "that it would not be reasonable for him . . . to relocate" unless he shows that he was persecuted by the government or a government-sponsored entity. *Id.* § 1208.16(b)(3)(i).

The IJ's conclusions that Camaja Ruiz did not establish that he (1) faced past persecution, (2) was more likely than not to face future persecution, and (3) could not reasonably relocate internally were supported by substantial evidence.

First, substantial evidence supports the IJ's conclusion that Camaja Ruiz did not establish past persecution. Persecution "includ[es] threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom" but it "does not encompass all forms of unfair, unjust, or even unlawful treatment." *Blanco v. Att'y Gen.*, 967 F.3d 304, 310-11 (3d Cir. 2020) (citation modified). Although Camaja Ruiz presented evidence that he was taunted by classmates and teachers for his indigenous

4

heritage and because he was perceived as homosexual, that classmates at times beat him, and that he struggled to find a job when he turned 17 because of discrimination against indigenous Guatemalans, that conduct, even cumulatively, does not rise to the level of past persecution. *See Ahmed v. Ashcroft*, 341 F.3d 214, 216-17 (3d Cir. 2003) (concluding that "legal and economic discrimination," relegating an ethnic group to "second-class status," did not constitute persecution); *see also López-Pérez v. Garland*, 26 F.4th 104, 112 (1st Cir. 2022) (bullying in school, experienced by indigenous Guatemalan child, did not constitute persecution).

Second, substantial evidence supports the IJ's conclusion that Camaja Ruiz did not establish that he is likely to suffer future persecution by showing that he is likely to be singled out individually for persecution, or that there is a "pattern or practice of persecution of a group of persons" that are so "similarly situated to the applicant" that the applicant's inclusion in that group makes it "more likely than not that his . . . life or freedom would be threatened." 8 C.F.R. § 1208.16(b)(2)(i)-(ii). Camaja Ruiz presented no evidence that he would be perceived as homosexual if he returned, that his classmates from over 20 years ago would target him today on that basis, or that he would be singled out because of his indigenous heritage. Nor did the record establish that he would be singled out because of his family; on the contrary, the evidence showed that the threats levied against his father related to particular advocacy (which Camaja Ruiz has not suggested he would take up if he returned to Guatemala), and that the extortion that Camaja Ruiz's family faced likewise was unrelated to any protected ground, *see*

*Thayalan v. Att'y Gen.*, 997 F.3d 132, 138 (3d Cir. 2021).  Indeed, Camaja Ruiz's family has continued to live in the country with little trouble.[3]

Finally, even if Camaja Ruiz had satisfied the other criteria for persecution, he did not show that internal relocation was not "reasonable for him" or that "the persecutor is a government or is government-sponsored."  8 C.F.R. § 1208.16(b)(3)(i).  In short, substantial evidence supports the IJ's denial of withholding of removal and the BIA's affirmance of that determination.

### C.     The BIA's Streamlining Regulation Does Not Violate Due Process.

Camaja Ruiz's last argument is that the BIA violated the Due Process Clause by affirming the IJ's determination without opinion.  But that argument is plainly foreclosed by our precedent.  *See Dia*, 353 F.3d at 238-45.

## II.    CONCLUSION

For the foregoing reasons, we will deny the petition for review.

---

[3] The IJ also reasonably concluded that Camaja Ruiz failed to establish a likelihood of future persecution based on membership in a group that suffers a pattern or practice of persecution.  While the record is uncontroverted that indigenous Guatemalans suffer discrimination, little in the record supports the conclusion that they suffer persecution, let alone that the persecution is "systematic, pervasive, or organized."  *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 687 (3d Cir. 2015) (citation modified).